UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANNON STAFFORD,

    *Plaintiff*,

v.

FEDERAL BUREAU OF
INVESTIGATION,

    *Defendant*.

Civil Action No. 24-1586 (LLA)

## MEMORANDUM OPINION

Plaintiff Shannon Stafford, proceeding *pro se*, brought this suit in the Superior Court of the District of Columbia against the Federal Bureau of Investigation ("FBI"), alleging Fourth Amendment violations. ECF No. 1-1. The FBI removed the action to this court, ECF No. 1, and moves for dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), ECF No. 13. For the reasons explained below, the court will dismiss the case for lack of subject-matter jurisdiction.

### I.    BACKGROUND

The following factual allegations drawn from Mr. Stafford's complaint, ECF No. 1-1, are accepted as true for the purpose of evaluating the motion before the court, *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The court further takes judicial notice of "public documents filed on a court docket." *Lewis v. Parker*, 67 F. Supp. 3d 189, 195 n.6 (D.D.C. 2014) (citing *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)).

1

In November 2019, a jury found Mr. Stafford guilty of Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B), and Attempted Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A)-(B) and (c)(4)(B). Jury Verdict, *United States v. Stafford*, No. 17-CR-380 (D. Md. Nov. 15, 2019), ECF No. 86. The court later sentenced Mr. Stafford to a 366-day term of incarceration followed by a three-year term of supervised release. Judgment, *Stafford*, No. 17-CR-380 (D. Md. Sep. 25, 2020), ECF No. 102, at 2-3. The terms of Mr. Stafford's supervised release included a mandatory condition that Mr. Stafford "cooperate in the collection of DNA as directed by the probation officer." *Id.* at 3.

Mr. Stafford initially appealed his sentence but then dismissed the appeal. Order, *Stafford*, No. 20-4510 (4th Cir. Feb. 8, 2021). He then moved to vacate his conviction and sentence alleging ineffective assistance of counsel. Motion, *Stafford*, No. 17-CR-380 (D. Md. Dec. 16, 2021), ECF No. 146. The court denied his motion, *Stafford*, No. 17-CR-380, 2023 WL 2633645, at *1 (D. Md. Mar. 24, 2023), Mr. Stafford appealed again, and the Fourth Circuit dismissed his appeal for lack of a certificate of appealability, *Stafford*, No. 23-6478, 2023 WL 6058483, at *1 (4th Cir. Sept. 18, 2023).

In February 2024, Mr. Stafford sued the FBI in the Superior Court of the District of Columbia. ECF No. 1-1. In his complaint, Mr. Stafford explains that the FBI collected his DNA in 2019 as part of its investigation into his criminal case, and he asserts that his DNA was collected again in 2021 when he was in the custody of the Federal Bureau of Prisons. *Id.* ¶ 1. Mr. Stafford alleges that he was later informed by his probation officer that the FBI had lost his DNA sample. *Id.* ¶ 2. Since then, Mr. Stafford has refused to allow the collection of another DNA sample, *id.* ¶¶ 4, 5, arguing that it violates the Fourth Amendment, *id.* ¶ 6. He seeks an injunction to prevent the FBI from collecting another DNA sample, *id.* at 2.

2

The FBI removed the action to this court under 28 U.S.C. § 1442(a)(1), ECF No. 1, and now moves to dismiss the complaint, ECF No. 13.  Mr. Stafford opposes the motion to dismiss. ECF No. 15.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction.

Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009).  Thus, "even a pro se plaintiff must meet his burden of proving subject matter jurisdiction to survive a Rule 12(b)(1) motion to dismiss."  *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014).

## III.    DISCUSSION

The court begins, as it must, with subject-matter jurisdiction.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 64 (D.D.C. 2011) (explaining that when a defendant files a motion to dismiss pursuant to both Rule 12(b)(1) and Rule 12(b)(6), "the court must first examine the Rule 12(b)(1) challenge[]" because a lack of subject-matter jurisdiction renders all other defenses and objections moot).

Here, the FBI argues that the court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction.  ECF No. 13-1, at 4-5.  That doctrine arises from the theory "that a federal

court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014) (quoting *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014)). If the state court lacked jurisdiction over a suit, the federal court does not "acquire jurisdiction" through removal and must dismiss the case. *Lambert Run Coal Co. v. Balt. & O. R. Co.*, 258 U.S. 377, 382 (1922).[1] The doctrine requires dismissal "even if Plaintiff could have filed his complaint in federal court in the first instance" but instead files in state court. *Cofield*, 64 F. Supp. 3d at 214 (quoting *Lambert Run Coal Co.*, 258 U.S. at 382); *see Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981).

While Congress has "eliminated derivative jurisdiction as a barrier to actions removed under 28 U.S.C. § 1441," *Johnson v. D.C. Metro. Transit Auth.*, 239 F. Supp. 3d 293, 295 (D.D.C. 2017), "the doctrine of derivative jurisdiction still applies to claims removed under [28 U.S.C. §] 1442," *Merkulov*, 75 F. Supp. 3d at 130 (collecting cases). Thus, because the FBI removed this case under Section 1442(a)(1), *see* ECF No. 1, the doctrine of derivative jurisdiction applies.

The central inquiry in the derivative-jurisdiction analysis is "whether, prior to removal, the Superior Court . . . had jurisdiction of the subject matter" of the suit. *McKoy-Shields v. First Wash. Realty, Inc.*, No. 11-CV-1419, 2012 WL 1076195, at *2 (D.D.C. Mar. 30, 2012). The answer here is no.

As a general matter, "the United States cannot be sued without its consent." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). Congress may waive the United States' sovereign immunity for certain claims, but such a waiver "must be unequivocally expressed." *United*

---

[1] "The term 'State court' includes the Superior Court of the District of Columbia." 28 U.S.C. § 1442(d)(6).

*States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Through the Administrative Procedure Act, the United States has waived its sovereign immunity when a plaintiff seeks injunctive relief in *federal* court, 5 U.S.C. § 702, but the United States has not waived its sovereign immunity to be sued for injunctive relief in a *state* court like the Superior Court of the District of Columbia, *Williams v. Pretrial Servs. Agency for D.C.*, No. 23-CV-1859, 2024 WL 4103708, at *3, (D.D.C. Sept. 6, 2024); *see McCain v. Soc. Sec. Admin.*, No. 23-CV-3288, 2023 WL 9023171, at *1 (D.D.C. Dec. 29, 2023) (holding that the Superior Court did not have jurisdiction over a claim brought against a federal agency).  Accordingly, because the Superior Court lacked jurisdiction over Mr. Stafford's Fourth Amendment claim seeking injunctive relief, this court did not "acquire jurisdiction" through removal and must dismiss the case. *Lambert Run Coal Co.*, 258 U.S. at 382.

## IV.   CONCLUSION

For the foregoing reasons, the court will grant the FBI's motion to dismiss, ECF No. 13, and dismiss the case for lack of subject-matter jurisdiction.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   July 22, 2025